IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY L. SUBASIC, ) | |
| ) | Case No. 2:15-cv-1477 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| ) | |
| SHARON REGIONAL HEALTH ) | |
| SYSTEM, ) | ECF No. 12 |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER ON DEFENDANT'S
<u>MOTION TO DISMISS</u>**

Currently pending before this Court is Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a Response and Brief in Opposition thereto (ECF Nos. 14 & 15), to which Defendant has filed a Reply Brief (ECF No. 16). Plaintiff has responded to that with a Sur-Reply Brief (ECF No. 17). Thus, the motion is ripe for disposition.

Plaintiff filed a two-count First Amended Complaint (ECF No. 11) ("FAC") alleging discrimination based on disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 955(a), respectively. Plaintiff was employed by Defendant since October 1999 in a number of positions, the most recent being a customer service representative in the Outpatient Behavioral Health Services department. FAC, ¶ 9. Defendant, a non-profit

health system, was acquired by for-profit corporation in April of 2014, and shortly thereafter, announced that it would be conducting a review of personnel records. *Id.* at ¶¶ 10, 12. Plaintiff's personnel file contained information regarding her disability (she suffered from multiple sclerosis), and all levels of management were personally aware of her disability. *Id.* at ¶¶ 7, 11. On or about October 1, 2014, Defendant announced that it would be undergoing a reduction in force ("RIF") in which the jobs of approximately 87 of its 1,100 employees would be eliminated, and notified Plaintiff that her position was being eliminated; she was permanently laid off from her employment. *Id.* at ¶¶ 13-14. At the time her employment was terminated, Defendant continued to employee individuals without disabilities and with equal or lesser qualifications than Plaintiff in customer service representative positions. *Id.* at ¶ 15.

## Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the courts apply the following standard, as recently reiterated by the court of appeals:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

> liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the court of appeals in *Connelly* reiterated the three-step process district courts must undertake to determine the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Id.* at 787. "This means that [the court's] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and

evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011).

The third step of this evaluation requires the court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" *Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950)(other citation omitted).

At the motion to dismiss stage, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss[,]" but need only allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly,* 809 F.3d at 788-89 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)) (footnote omitted).

## Analysis

To state a claim of disability discrimination under the ADA, the plaintiff must demonstrate that she (1) has a disability; (2) is a qualified individual, i.e., can perform the essential functions of the job, with or without accommodation, and (3) has suffered an adverse employment action because of her disability. *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006) (citing *Buskirk v. Apollo Metals*, 307 F.3d 160, 166 (3d

4

Cir. 2002); *Gaul v. Lucent Techs. Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)). In a RIF case, the causation element of the third factor will be met if the plaintiff demonstrates that similarly situated individuals not within the protected class were retained. *Jackson v. Temple Univ. Hosp., Inc.*, 501 F. App'x 120, 122 (3d Cir. 2012) (citing *In re Carnegie Ctr. Assocs.*, 129 F.3d 290, 295 (3d Cir. 1997); *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n. 4 (3d Cir. 2006); *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249-50 (3d Cir. 2002)).

In its opening brief, Defendant has challenged whether Plaintiff has alleged a plausible claim as to the third element, arguing that she has failed to plead any facts from which the Court could reasonably infer that she was selected for the RIF because of her disability. After receiving Plaintiff's brief in opposition, in which she points to the allegation in paragraph 15 of her FAC—that at the time her employment was terminated, Defendant continued to employee individuals without disabilities and with equal or lesser qualifications than Plaintiff in customer service representative positions--Defendant now challenges whether Plaintiff has adequately pled that she is "similarly situated" to non-disabled employees who were retained. In its Reply Brief, Defendant submits that in order to survive a motion to dismiss, Plaintiff must allege that the individuals retained were in the exact same department as the Plaintiff. Plaintiff disagrees, arguing in her Sur-Reply that the RIF involved here resulted in 87 of the Defendant's 1,100 employees being terminated, and the FAC does not claim that the RIF was confined to the specific department/unit in which she was employed. Even if such a claim was advanced, Plaintiff submits that the factual record has yet to be sufficiently developed to determine if that unit was independent from the Defendant as a whole.

5

Therefore, Plaintiff maintains, that the allegation that non-disabled employees in the exact same position as that held by Plaintiff were retained at the time that she was terminated is sufficient to satisfy the fourth element of the *prima facie* case at this stage of the litigation.

Viewed in light of the liberal pleading standards set forth above, this Court finds that the factual allegations of the FAC, when taken as true, allow the Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct, and that the FAC meets the standards as enunciated in *Twombly* and *Iqbal*. Recently, the district court in *Jackson v. Trump Entertainment Resorts, Inc.* explained the term, "similarly situated":

> An employee is "similarly situated" when the evidence supports a claim that the plaintiff and a retained employee shared comparable duties. *Id*. "This determination requires a court to undertake a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner." *Monaco*, 359 F.3d at 305; *see also Opsatnik v. Norfolk S. Corp.*, 335 Fed.Appx. 220, 222–23 (3d Cir.2009) ("While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in 'all relevant respects.' ") (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997)); *Lepore v. Lanvision Sys., Inc.*, 113 Fed.Appx. 449, 452 (3d Cir.2004) (opining that similarly situated employees "work in the same area in approximately the same position") (citing *Anderson*, 297 F.3d at 249–50); *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir.2003) ("In the context of personnel actions, the relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct.") (citation omitted); *Milliron v. Pilot Travel Cntrs., LLC*, No. 06–0262, 2009 WL 2579200, at *10 (W.D.Pa. Aug. 20, 2009) (citing *Monaco* and collecting other Circuit cases); *Armstead v. Norfolk S. Corp.*, 2006 WL 544403, at *5 (W.D.Pa. Mar. 3, 2006)

> (holding that a supervisor was not similarly situated to another supervisor with the same title where the former could not perform the latter's duties).

*Jackson v. Trump Entertainment Resorts, Inc.*, Civ. A. No. 13-1605, \_\_ F.Supp. 3d \_\_, 2015 WL 9294597, \*6 (D. N.J. Dec. 21, 2015).

The Court finds that the allegations in the FAC raise a reasonable expectation that discovery will reveal evidence that Plaintiff is similarly situated to individuals outside of the protected class. Plaintiff alleges that at the time of her termination, she was working as a customer services representative, that Defendant retained other non-disabled employees working as customer service representatives, and that those employees possessed equal or lesser qualifications than Plaintiff. FAC ¶15. These allegations are sufficient to withstand a motion to dismiss. *See Marzano v. Computer Science Corp.*, 91 F.3d 497, 503 (3d Cir. 1996) (to establish a prima facie case in a RIF case, a plaintiff need only show that he was terminated while the employer retained individuals outside the protected class) (citing *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1214 n. 1 (3d Cir. 1988)) (other citations omitted). Whether or not the non-disabled employees were working in another department or division of the health system, or whether that is even relevant to the inquiry, raises factual questions as to whether they are, in fact, similarly situated, which cannot be resolved at the motion to dismiss stage. *See Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) ("This determination requires a court to undertake a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner.") (citing *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999)).

Accordingly, the Court enters the following Order:

**AND NOW,** this 7th day of March, 2016, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint ([ECF No. 12](ECF No. 12)) is **DENIED**.

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
*Via CM/ECF Electronic Mail*